

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In the Matter of
ARBITRATION OF DISPUTES

between

THE TRUSTEES OF THE
UNITE HERE NATIONAL RETIREMENT FUND,
Petitioner,

and

RESISTFLAME ACQUISITION CORP.
C/O KIESLING-HESS FINISHING CO.,
Respondent.

**PETITION TO CONFIRM ARBITRATION AWARD**



---

STATE OF NEW YORK      )
                       ) ss.
County of New York     )

The Petition of The Trustees of the UNITE HERE National Retirement Fund (hereinafter, the "Petitioner"), by their attorney Mark Schwartz, respectfully shows to this Court and alleges that:

1. I am Counsel to Petitioner herein and am duly admitted to practice law before the Courts of the State of New York and before this Honorable Court and am fully familiar with the prior proceedings had in this matter. I submit this Petition in support of Petitioner's application for an Order confirming the Arbitration Award of Philip Ross (hereinafter, the "Arbitrator"), dated March 29, 2007.

2. The UNITE HERE National Retirement Fund (hereinafter, the "Fund"), with its sole office at 730 Broadway, New York, New York 10003-9511, is an employee benefit plan within the meaning of Section 3 (3) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter, "ERISA"), 29 U.S.C. 1002 (3), established pursuant to an Agreement and Declaration of Trust. The Respondent is obligated to contribute to the Fund pursuant to a Collective Bargaining Agreement and Supplemental Agreement entered into between the Amalgamated Clothing and Textile Workers Union, AFL-CIO, CLC, presently known as UNITE HERE (hereinafter, the "Union"), and employers in the men's and boy's clothing industry. The Fund was created to provide benefits to eligible employees of contributing employers. Employer contributions and income earned thereupon are the sole source of funding. Covered employees do not contribute to the Fund through union dues or otherwise.

3. A dispute has arisen concerning Respondent's obligation to contribute to the UNITE HERE National Retirement Fund for the period of February 26, 2007 through March 23, 2007.

4. Pursuant to the Supplemental Agreement, the dispute was referred to the Arbitrator for determination on March 29, 2007.



5. After considering the evidence presented at the hearing, the Arbitrator found that:

A. Resistflame Acquisition Corp., C/O Kiesling-Hess Finishing Co. (hereinafter, the "Respondent"), is a party to a Supplemental Agreement with the Philadelphia Joint Board of the Union.

B. The Supplemental Agreement obligates the employer to contribute to the UNITE HERE National Retirement Fund, based upon stated percentages of its gross payroll.

6. The Arbitrator issued an arbitration award directing the Respondent to pay the delinquent contributions to The Trustees of the UNITE HERE National Retirement Fund in the amount of $821.96, plus interest and incidental costs, for a total Award of $1,152.37. A copy of the arbitration award is annexed hereto as **Exhibit A**.

7. Prior to the arbitration the Petitioner served a subpoena upon the Respondent directing it to produce its payroll records. A copy of the subpoena is annexed hereto as **Exhibit B**.

8. The Respondent failed to produce its books and records or to appear at the arbitration hearing. At the hearing the Petitioner provided a summary of the Respondent's prior contribution history which revealed an average weekly payment due to the Petitioner of $205.49. This weekly average was multiplied by the number of weeks covered by the Arbitration Award. A copy of the summary sheet, which was reviewed by the Arbitrator, is annexed hereto as **Exhibit C**.

9. The Arbitration Award is based upon the summary prepared by the Petitioner and presented to the Arbitrator. The Supplemental Agreement provides that all disputes under the contract shall be submitted for arbitration and final determination. Section 6A of the Supplemental Agreement provides that:

> Any controversy, claim, complaint, grievance or dispute between the parties hereto arising out of or relating to the provisions of this Supplemental Agreement or the interpretation, breach, application or performance thereof, shall be referred by the Union, the Trustees or the Employer for arbitration and determination as hereinafter provided.

10. The Petitioner served the Petition to Confirm Arbitration Award in accordance with the Supplemental Agreement, Section 6A (2) provides:

> The parties consent that any papers, notices, or processes, including subpoenas, necessary or appropriate to initiate or continue an arbitration hereunder to enforce, confirm, vacate, or modify an award, may be served by certified mail directed to the last known address of the Employer, the Union and the Trustees.

11. On April 17, 2007, the Petitioner served a copy of the Arbitration Award on the Respondent by certified mail, return receipt requested and regular mail.

12. To date, Respondent has not paid any part of the Arbitration Award.

13. As a result of Respondent's failure to abide by the Arbitration Award, the Petitioner now seeks judicial enforcement thereof. As more fully demonstrated in the Memorandum of Law, this Court has jurisdiction over the Respondent.

14. A copy of the Fund's Plan Rules is annexed hereto as **Exhibit D**. The Plan Rules provide for double interest at the rate set forth therein (i.e. two times one half the prime rate charged by Citibank plus 2%) during the quarter the delinquent payments should have been made. As more fully demonstrated in the Memorandum of Law, ERISA mandates a double interest assessment where the Plan Rules do not provide for liquidated damages. Accordingly, the Arbitrator in this matter awarded interest at the prime rate plus 4% through the date of the Arbitration Award.

**WHEREFORE**, your Petitioner pray for an Order confirming the Arbitration Award, and directing the entry of Judgment in the amount of $1,152.37 in favor of The Trustees of the UNITE HERE National Retirement Fund, together with interest from the date of the Arbitration Award to the date of the Judgment, together with the costs incurred in connection with this Petition.

Dated: May 4, 2007
New York, New York

_Mark Schwartz_ (signature)
Mark Schwartz, Esq. – MS 0148
Attorney for Petitioner
730 Broadway, 10th Floor
New York, New York 10003-9511
(212) 539-5275

**EXHIBIT A**

|  |  |
|---|---|
| In the Matter of<br>ARBITRATION OF DISPUTES<br><br>between<br><br>THE TRUSTEES OF THE<br>UNITE HERE NATIONAL RETIREMENT FUND,<br>Petitioner,<br><br>and<br><br>RESISTFLAME ACQUISITION CORP.<br>C/O KIESLING-HESS FINISHING CO.,<br>Respondent. | **FINDINGS AND AWARD**<br>**07 – 04 – R** |

Due notice having been given to the parties, a hearing was held before the undersigned in New York City on March 29, 2007.

APPEARANCES:

| | |
|---|---|
| The Arbitrator: | Dr. Philip Ross |
| For the Petitioner: | Mark Schwartz, Esq.<br>Evelyn Soto<br>Keith Hawkins |
| For the Respondent: | No Appearance |

**FINDINGS**

This proceeding was instituted by the service of a statutory Notice of Intention to Arbitrate, in which it was alleged that Resistflame Acquisition Corp., C/O Kiesling-Hess Finishing Co. (hereinafter, the "Respondent"), had entered into a written Collective Bargaining Agreement and Supplemental Agreement thereto (hereinafter, the "Agreement"), with the Philadelphia Joint Board of the Amalgamated Clothing and Textile Workers Union, AFL-CIO, CLC, presently known as UNITE HERE (hereinafter, the "Union"), and in which, pursuant to applicable law, the Respondent was notified that unless it applied to stay the proposed arbitration within 20 days after the service of the aforesaid Notice, it would be barred from putting in issue the making of the Agreement and its failure to comply therewith. More than 20 days have elapsed since the service of the aforesaid Notice at the time of the hearing in this proceeding, held as above stated, and no application to stay this proceeding has been made by the Respondent.

On the basis of the aforesaid Notice of Intention to Arbitrate, Respondent's failure to apply to stay this proceeding, and other evidence submitted, I find that, as alleged by The Trustees of the UNITE HERE National Retirement Fund (hereinafter, the "Petitioner"), the Respondent entered into the written Agreement with the Philadelphia Joint Board of the Union; that, among other things, the Agreement provides that the Respondent is regularly to pay a stated percentage of its payroll to the Petitioner. These payments are commonly known as contributions.

The Agreement further provides as follows:

> The Employer shall furnish to the Trustees, upon request, such information and reports as they may require in the performance of their duties under any of the Agreements and declarations of trust.

A subpoena was duly served on the Respondent requiring it to produce at the hearing all of the relevant books and records from which could be computed the exact sums due to the Petitioner for the period of February 26, 2007 through March 23, 2007. The Respondent did not produce any of its books and records.

From the evidence made available to me, I find that the Respondent failed to make the following contributions for the period of February 26, 2007 through March 23, 2007 to the UNITE HERE National Retirement Fund in the amount of $821.96. That demand for payment was duly made and refused and that there is now due and owing from the Respondent to the Petitioner, The Trustees of the UNITE HERE National Retirement Fund, the sum of $821.96.

The Award which follows does not intend to and does not include any sums that may be due to the Petitioner for any period other than stated above, nor for any sums due to the Petitioner for the period stated above, and which would be shown upon an audit of the Respondent's books and records for such period, the results of such an audit not being available to me as Arbitrator due to Respondent's failure to comply with the Subpoena directed to it.

The aforesaid Agreement further provides:

> The Arbitrator shall also have the authority in such case as he shall deem proper to include in his award against the Employer the reasonable costs of collection, including, but not limited to the Arbitrator's fees, legal fees, auditing and accounting costs; providing, however, that no costs of collection shall be awarded against the Employer unless the said award shall also find that the Employer has failed to perform and comply with the terms and provisions of this Supplemental Agreement.

2

The Respondent having failed to perform and comply with the terms and provisions of the Agreement, as hereinabove found, and such default having resulted in expenditures for the Petitioner, I direct that the Respondent pay to the Petitioner, such expenditures as follows, each of which I find to be reasonable in amount: Arbitrator's fees, $100.00; legal fees, $150.00; auditing and accounting costs, $32.00; for total costs of $282.00.

In addition, I direct that in compliance with the provisions of ERISA, Section 502 (g) (2), the Respondent pay to the Petitioner "interest on the unpaid contributions" plus "an amount equal to the greater of: (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the [Petitioner's] plan in an amount not in excess of 20 percent." The Petitioner's plan does not provide for liquidated damages but provide for interest "at an annual rate equal to 2% plus 1/2 of the prime rate charged by Citibank on the first day of the calendar quarter at the due date of Payment." Because the Fund's rules do not provide for liquidated damages the Fund is entitled to interest plus interest. Therefore, I direct that in accordance with the statutory formula, Respondent pay Petitioner, The Trustees of the UNITE HERE National Retirement Fund the sum of $48.41, in interest on delinquent contributions which sum is hereby awarded against the Respondent in favor of the Petitioner.

## AWARD

Accordingly, it is hereby determined and awarded as follows:

1. There is due and owing from the Respondent to the Petitioner, The Trustees of the UNITE HERE National Retirement Fund, the sum of $821.96, by way of unpaid contributions; the sum of $48.41, by way of interest provided for under ERISA, Section 502 (g) (2); the sum of $100.00, for Arbitrator's fees, the sum of $32.00, for Auditor's fees and costs and the sum of $150.00, for legal fees; for a total amount of $1,152.37, in favor of the Petitioner and which total amount the Respondent is to pay Petitioner forthwith.

I further direct that the sum of $100.00, in Arbitrator's costs be payable to the Arbitrator, $50.00, by the Petitioner and $50.00, by the Respondent.

Dated: 3/29/67
New York, New York

_____
PHILIP ROSS, ARBITRATOR

3

**EXHIBIT B**

|                                                      |                        |
|------------------------------------------------------|------------------------|
| In the Matter of<br>ARBITRATION OF DISPUTES<br><br>between<br><br>THE TRUSTEES OF THE<br>UNITE HERE NATIONAL RETIREMENT FUND,<br>Petitioner,<br><br>and<br><br>RESISTFLAME ACQUISITION CORP.<br>C/O KIESLING-HESS FINISHING CO.,<br>Respondent. | **NOTICE OF INTENTION<br>TO ARBITRATE** |

Sir(s):

**PLEASE TAKE NOTICE** that pursuant to the Supplemental Agreement (hereinafter, the "Agreement"), between Resistflame Acquisition Corp., C/O Kiesling-Hess Finishing Co. (hereinafter, the "Respondent"), and the Philadelphia Joint Board of the Amalgamated Clothing and Textile Workers Union, AFL-CIO, CLC, presently known as UNITE HERE and upon notice by The Trustees of the UNITE HERE National Retirement Fund (hereinafter, the "Petitioner"), an arbitration will be held before Dr. Philip Ross of 525 West End Avenue, New York, New York 10024 (hereinafter, the "Arbitrator"), designated pursuant to the Agreement, on March 29, 2007, at 11:00 A.M., at the Offices of the Laundry, Dry Cleaning and Allied Workers Joint Board, UNITE HERE!, 275 7th Avenue, 7th Floor, New York, New York 10001, seeking an award against you for:

    1. Contributions due and owing to Petitioner for the period of 02/26/07 through 03/23/07.

together with INTEREST, ARBITRATOR'S FEES and EXPENSES, ATTORNEY'S FEES and the cost of the AUDIT, if awarded.

**PLEASE TAKE FURTHER NOTICE** that unless you apply to stay this arbitration within twenty (20) days after the service of this notice upon you, you shall be precluded from

objecting that a valid agreement was not made or has not been complied with and from asserting in court the bar of a limitation of time.

Dated: March 5, 2007
       New York, New York

                                    THE TRUSTEES OF THE
                        UNITE HERE NATIONAL RETIREMENT FUND

By: _____
      Mark Schwartz, Esq. – MS 0148
      Attorney for Petitioner
      730 Broadway, 10th Floor
      New York, New York 10003-9511
      (212) 539-5275

Account No. 092.0253

Certified Return Receipt No. 7005 1160 0004 3543 1679

Please address all Inquires to:
Michele Reid at (212) 539-5292

|  |  |
|---|---|
| In the Matter of<br>ARBITRATION OF DISPUTES<br><br>between<br><br>THE TRUSTEES OF THE<br>UNITE HERE NATIONAL RETIREMENT FUND,<br>Petitioner,<br><br>and<br><br>RESISTFLAME ACQUISITION CORP.<br>C/O KIESLING-HESS FINISHING CO.,<br>Respondent. | **SUBPOENA<br>DUCES TECUM** |

To:   Resistflame Acquisition Corp.
      C/O Kiesling-Hess Finishing Co.
      300 West Bristol Street
      Philadelphia, Pennsylvania 19140

**GREETING:**

**WHEREAS**, an action has been commenced before the Honorable Philip Ross, Impartial Chairman, between The Trustees of the UNITE HERE National Retirement Fund (hereinafter, the "Petitioner"), and Resistflame Acquisition Corp., C/O Kiesling-Hess Finishing Co. (hereinafter, the "Respondent"), who are all the parties named in said action,

**NOW, THEREFORE, YOU ARE COMMANDED** to appear and attend before the Honorable Philip Ross, Impartial Chairman, at the Offices of the Laundry, Dry Cleaning and Allied Workers Joint Board, UNITE HERE!, 275 7th Avenue, 7th Floor, New York, New York 10001, on the 29th day of March 2007, at 11:00 A.M. in the morning, and at any recessed or adjourned date for the giving of testimony on all matters relevant to the arbitration hearing,

**AND YOU ARE FURTHER COMMANDED** to produce for examination at such time and place all your payroll records including but not limited to social security quarterly reports, weekly payroll journals, state employment insurance records, cash disbursements

book, and any other books or records which are required to determine your liability to the Petitioner for the period of 02/26/07 through 03/23/07.

**WITNESS**, Honorable Philip Ross, Impartial Chairman, at New York, New York on the 5th day of March 2007.

THE TRUSTEES OF THE
UNITE HERE NATIONAL RETIREMENT FUND

By: _/s/ Mark Schwartz_____
Mark Schwartz, Esq. – MS 0148
Attorney for Petitioner
730 Broadway, 10th Floor
New York, New York 10003-9511
(212) 539-5275

Account No. 092.0253

Certified Return Receipt No. 7005 1160 0004 3543 1679

**EXHIBIT C**

# UNITE HERE NATIONAL RETIREMENT FUND

Name of Firm: Resistflame Acquisition Corp. c/o Kiesling-Hess Finishing Co.    A/C#: 092.0253

| Quarter | P/R |
|---|---|
| / | $ |
| 3/06 | $ 91,444.90 |
| 6/06 | $ 93,660.23 |
| 9/06 | $ 96,094.12 |
| / | $ 281,199.25 |

÷ 39

$ 7210.23    Average Weekly Payroll

X    Current Rate: 285

$ 205.49    Average Weekly per Delinquency

$ _____    Average Weekly per Capita (Number of Employees x _____)

$ 205.49    Total Weekly Delinquency

X    4    Number of Delinquent Weeks:
From: 02/26/07 - 03/23/07

$ 821.96
Estimated Total Amount Due

Prior Award:

Interest: 10% , 02356 = 0.2356     $ 48.41

Arbitrator's Cost:     $ 282.00

Total Liability:     $ 1152.37

**EXHIBIT D**

## **PLAN RULES WITH RESPECT TO COLLECTION OF DELINQUENT EMPLOYER CONTRIBUTIONS AND AUDIT DEFICIENCIES**

Pursuant to the Employee Retirement Income Security Act of 1974 as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("ERISA"), the Fund shall, in all proceedings brought to collect delinquent contributions and/or audit deficiencies seek, in addition to said delinquent contributions and/or audit deficiencies –

(1)   double interest on all sums due,

(2)   attorney's fees and costs of the proceeding, and

(3)   such other legal and equitable relief as is deemed appropriate.

For this purpose interest shall be determined at an annual rate equal to 2% plus 1/2 of the prime rate charged by Citibank on the first day of the calendar quarter at the due date of the payment. Interest shall accrue from the date upon which the obligation first became delinquent.