UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of
ARBITRATION OF DISPUTES

between

THE TRUSTEES OF THE
UNITE HERE NATIONAL RETIREMENT FUND,
Petitioner,

and

RESISTFLAME ACQUISITION CORP.
C/O KIESLING-HESS FINISHING CO.,
Respondent.

07 Civ. 3607 (RMB)

MEMORANDUM OF LAW IN SUPPORT OF
PETITION TO CONFIRM ARBITRATION AWARD

Factual Background

The facts relevant to the instant memorandum are fully recited in the accompanying Petition of Mark Schwartz, duly verified the 4th day of May 2007.

INTRODUCTION

This proceeding has been brought to confirm an arbitration award dated March 29, 2007 in which Dr. Philip Ross (hereinafter, the "Arbitrator"), found that Resistflame Acquisition Corp., C/O Kiesling-Hess Finishing Co. (hereinafter, the "Respondent"), was obligated by the terms of a Collective Bargaining Agreement and Supplemental Agreement to make employee benefit contributions to the UNITE HERE National Retirement Fund (hereinafter, the "Fund"), and granted The Trustees of the Fund (hereinafter, the "Petitioner"), recovery as to delinquent amounts. For the reasons set forth below, this court has jurisdiction over the subject matter and over the person of the Respondent and is therefore the proper forum for a Petition to confirm that Arbitration Award.

## POINT I

### THIS COURT HAS SUBJECT MATTER
### JURISDICTION HEREIN

Section 515 of the Employee Retirement Income Security Act of 1974, as amended (hereinafter, "ERISA"), 29 USC 1145, provides that:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

As found by the Arbitrator, Respondent has failed to make contributions to the Fund required by a Supplemental Agreement in accordance with the Agreement.

Section 502(a) (3), (B) (i), 29 USC 1132 9(a) (3), (B) (i), states that:

> A civil action may be brought by a participant, beneficiary or fiduciary to redress such violations (of title I of ERISA, 2-608, 29 USC 1001-1168).

As fiduciaries of the Fund, Petitioner has standing to bring this proceeding, which seeks redress of Respondent's violation of section 515.

This court has jurisdiction to hear this proceeding under section 502(f), which provides:

> The district courts of the United States shall have jurisdiction, without regard to the amount in controversy or citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action.

As shown above, this is an action for relief under subsection (a) of 502.

The Petitioner also brings this Petition pursuant to Section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. Section 185(a). Section 301(a) vests the federal courts with the power and jurisdiction to confirm an arbitration award made in accordance with

a collective bargaining agreement in the labor relations context. <u>Sheet Metal Contractors Assoc. of New York City v. Local Union No. 28 of N.Y.</u>, 301 F. Supp. 553 (S.D.N.Y. 1969).

It is well established that agreements requiring employee benefit contributions are contracts within the meaning of Section 301(a), <u>Savoretti v. Hotel & Restaurant Emp. and Bartenders</u>, 407 F. Supp 1286 (S.D.N.Y. 1979), and that trustees of an employee benefit fund may maintain an action under that section. <u>Whelan v. Colgan</u>, 602 F. 2nd 1060 (2d. Cir. 1979). [See also, <u>Santos v. District Council of New York City, etc.</u>, 619 F. 2d 963 (2d. Cir. 1980)], holding that the prevailing party in a labor arbitration proceeding may seek court enforcement of the award under Section 301(a).

POINT II

THIS COURT HAS PERSONAL
JURISDICTION OVER RESPONDENT

Section 502(e)(2) of ERISA, 29 USC 1132(e)(2) provides:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where defendant resides or may be found, and process may be served in any other district where defendant resides or may be found.

As stated in the Petition, Respondent's sole place of business is within the Southern District of New York. Thus, venue is proper in this court.

The last clause of section 502(e)(2) authorizes nationwide service of process on a defendant, regardless of the district in which the action is brought. See <u>Rodd v. Region Construction Co.</u>, 783 F. 2d 89 (7th cir 1986). As Respondent was served with process within the district of Pennsylvania this court has obtained personal jurisdiction.

<u>POINT III</u>

THE FUND IS ENTITLED TO RECOVER
PRE-JUDGMENT INTEREST AND
LIQUIDATED DAMAGES, TOGETHER
<u>WITH COSTS AND ATTORNEY FEES</u>

ERISA Section 502(g) (2), 29 USC 1132(g) (2) provides, in pertinent part:

> (2) In any action under this title by a fiduciary for or on behalf of a plan to enforce Section 515, in which a judgment in favor of the plan is awarded, the court shall award the plan
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of --
>
> > (i) interest on the unpaid contributions, or
> >
> > (ii) liquidated damages provided for under the plan...
>
> (D) reasonable attorney fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

As demonstrated above, this Petition is an action to enforce Section 515 of ERISA.

The Plan Rules for the Fund (**Exhibit D** to Petition), provide for interest on delinquent contributions at double the rate set forth in the Plan Rules (i.e., two times one half the prime rate charged by Citibank plus 2%). This double interest assessment is made pursuant to ERISA Section 502(g)(2), since the plan rules do not provide for liquidated damages. The Arbitrator has already awarded the Fund interest at the prime rate plus 4%, up to the date of the Arbitration Award. Pursuant to Section 502(g)(2), however, the Fund is also entitled to interest

on the past due amount through the date of judgment. In addition, the Fund should recover its reasonable costs and attorney fees incurred in connection with this Petition.

## CONCLUSION

PETITIONER'S PETITION SHOULD BE GRANTED AND AN ORDER ISSUED CONFIRMING THE ARBITRATION AWARD AND DIRECTING ENTRY OF JUDGMENT, IN THE AMOUNT OF $1,152.37, AS DIRECTED BY THE ARBITRATOR, TOGETHER WITH INTEREST AT THE PRIME RATE PLUS 4%, FROM THE DATE OF THE ARBITRATION AWARD TO THE DATE OF JUDGMENT, PLUS COSTS AS PROVIDED BY LAW.

Dated: May 17, 2007
      New York, New York

Respectfully submitted,

*/s/ Mark Schwartz/*

Mark Schwartz, Esq. – MS 0148
Attorney for Petitioner
730 Broadway, 10th Floor
New York, New York 10003-9511
(212) 539-5275